# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00717-CR

**Annie A. Behrens, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 42,286, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found Annie A. Behrens guilty of assault. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2007). The trial court assessed punishment at 360 days in jail and a $10 fine, but the court suspended imposition of sentence and placed Behrens on community supervision for two years.

Behrens was represented by retained counsel at her trial, but filed a pro se notice of appeal. A different attorney later filed another notice of appeal and a motion for a free record on appeal, but the motion was not supported by an affidavit of indigence and the trial court took no action. *See* Tex. R. App. P. 20.2. On May 7, 2008, the Court abated the appeal and instructed the trial court to determine whether Behrens is presently indigent. *See* Tex. R. App. P. 37.3. The hearing was set for May 22, 2008, and a written order was filed by the trial court on May 27, 2008.

The trial court's order states that "[a]lthough numerous attempts had been made to contact Defendant by her attorneys, Defendant Annie Behrens did not appear." The court concluded,

"Defendant Annie Behrens, having been represented by retained counsel at trial but not being personally present for this hearing, the Court is of the opinion that Defendant Annie Behrens is not indigent." The court discharged the attorneys who had been "appointed by the Court to ascertain the status of Defendant's case."

On June 11, 2008, after receiving the trial court's order with its finding that Behrens is not indigent, this Court ordered Behrens to make satisfactory arrangements to pay the reporter's fee no later than June 20, 2008. A copy of this order was mailed to Behrens at her last known address, an Austin post office box. The order was returned with a notice that the box was closed without a forwarding address. The Court has been informed by Behrens's former attorney that he does not know her whereabouts. The reporter has not been paid.

Because Behrens did not file an affidavit of indigence, did not pay the reporter's fee, and did not appear at the hearing ordered to determine if she is indigent, we conclude that the appeal may be considered and decided without a reporter's record. *See* Tex. R. App. P. 37.3(c). Although no brief has been filed on Behrens's behalf, an abatement for another hearing, this time pursuant to rule 38.8, would serve no purpose. *See* Tex. R. App. P. 38.8(b). It has already been determined following a hearing in the trial court that Behrens is not indigent, and she has obviously failed to make the necessary arrangements for filing a brief. By her actions, or lack of action, Behrens has manifested no desire to prosecute the appeal.

We have examined the clerk's record and find no error that should be considered in the interest of justice. The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: July 16, 2008

Do Not Publish